**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**MARCUS JONES**,

                          Plaintiff,

v.

**NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY**,

                          Defendant.

**DECISION AND ORDER**
1:17-CV-00001-RJA

---

## INTRODUCTION

Plaintiff Marcus Jones ("Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of a final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Disability Insurance Benefits under Title II of the Act. (Dkt. 1). The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkts. 14 and 15). The Court assumes the parties' close familiarity with the procedural history, administrative record, and all issues before the Court. The Court has carefully considered the entire record, and for the reasons set forth below, the Court **GRANTS** the Commissioner's motion for judgment on the pleadings and **DENIES** the Plaintiff's motion for judgment on the pleadings for Social Security benefits.

## DISCUSSION

This Court reviews the record to determine whether the Commissioner applied the correct legal standard and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). Plaintiff argues that the ALJ erred in substituting her own lay opinion for that of a physician; failed to properly weigh the opinion of a chiropractor under SSR 06-03p; and failed to give "good reasons" for rejecting "the

favorable opinions of treating orthopedic surgeon Dr. Capicotto and pain management specialist Dr. Williams." (Dkt. 14 at 22). The Court disagrees.

*Plaintiff's argument that the ALJ substituted her own lay opinion*

Plaintiff argues the ALJ improperly based the RFC on her lay opinion when she relied on her own interpretations of diagnostic imaging and on medical opinions where no function-by-function assessments had been made. *See* (Dkt. 14 at 13-16).

"[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dailey v. Astrue,* 2010 WL 4703599, at *11 (W.D.N.Y. Oct. 26, 2010) (internal quotation omitted), *report and recommendation adopted,* 2010 WL 4703591 (W.D.N.Y. Nov. 19, 2010). However, Plaintiff's physicians need not provide specific function-by-function assessments of her residual functional capacity if the medical record is extensive enough to support an informed residual functional capacity finding by the ALJ. *Leonard v. Colvin*, 2014 WL 1338813, at *3 (W.D.N.Y. Mar. 31, 2014) (citing *Tankisi v. Commissioner of Social Security*, 521 F. App'x. 29, 34 (2d Cir. 2013); *Lowry v. Astrue*, 474 F. App'x 801, 804 (2d Cir. 2012); *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir.1999)). In addition, the ALJ may consider treatment and other methods to alleviate pain, and how symptoms impact a claimant's mode of daily living. 20 C.F.R. § 404.1529(c)(3)-(4).

Additionally, the ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources cited in his decision," and the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Ortiz v. Colvin*, 298 F.Supp.3d 581, 587 (W.D.N.Y. 2018) (citing *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013) (summary order). Remand is not required "simply because the ALJ failed to conduct an explicit function-by-function analysis." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013); *see also Heil v. Comm'r of Soc. Sec.*, No. 16-CV-6653-FPG, 2017 WL 5467714 (W.D.N.Y. Nov. 14, 2017). The ALJ's RFC determination may still be upheld when her analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous."

*Id.* In any event, where the record shows that a claimant suffers from little physical impairment, the ALJ is permitted to render a common-sense judgment as to the limitations present. *Skupien v. Colvin*, No. 13-CV-403 (WMS), 2014 WL 3533425, at *4 (W.D.N.Y. July 16, 2014) (citing *Walker v. Astrue*, No. 08–CV–0828, 2010 WL 2629832, at *7 (W.D.N.Y. June 11, 2010).

Here, the record is indicative of some limitations; however, the record also shows that Plaintiff's limitations were not as severe as he contends and not so restrictive as to render Plaintiff unable to work altogether. For example, while it is undisputed that Plaintiff suffered from disc herniation and degenerative changes after his car accident, Plaintiff's range of motion was also mostly normal throughout the closed period of disability. (Tr. 142, 187-89, 190, 196, 203-04, 210, 212-15, 218, 223). Further, the diagnostic imaging is not part of the administrative record, only the findings of the imaging previously analyzed by a physician. *See, e.g.*, (Tr.198-200) (using "unremarkable", "normal", "maintained", and "preserved" to describe the results of Plaintiff's diagnostic imaging of his spine).

Additionally, Plaintiff received only conservative treatment, further suggesting that his impairments were not as severe as he contends. Plaintiff was treated by a chiropractor after his car accident and never presented to a hospital for any emergency or other acute care. (Tr. 223-338). Plaintiff also discontinued his pain medication on his own. (Tr. 188, 190). He also indicated that he was not interested in treatment with a neurologist for his headaches and not interested in surgery for his back. (Tr. 142, 197, 205). Plaintiff also reported normal activities of daily living and did not indicate that he was impeded in any way from every day functioning. (Tr. 152-55, 161).

Further, the record contains a function report dated June 30, 2013, wherein the Plaintiff states that he has no difficulties in preparing daily meals, shopping, walking to his destinations, riding in a car, and using public transportation. (Tr. 152-55). He also admitted that he read, watched television, and used a computer for upwards of 12 hours per day. (Tr. 155, 161). Plaintiff also did not dispute the ALJ's finding that he failed to show good cause for not appearing for his disability hearing and his counsel did not object

to the evidence in the record or otherwise indicate the record was not complete. (Tr. 44-56).

The Court finds that the ALJ's RFC determination was not the product of the ALJ's lay opinion. Sufficient documentation existed for the ALJ to conclude that Plaintiff had the RFC to perform less than a full range of sedentary work and made an RFC determination that is consistent with the record as a whole. *See Matta*, 508 Fed.Appx. at 56. Further, the ALJ's analysis "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Cichocki*, 729 F.3d at 177-78.

*Plaintiff's argument that ALJ failed to properly weigh opinion of chiropractor*

Plaintiff argues that the ALJ failed to properly evaluate the opinion of chiropractor Dr. Ward under SSR 06-03p. (Dkt. 14 at 17). SSR 06-03p specifies that the factors to be considered when assessing opinions from acceptable medical sources *may* also be used when considering opinions from "other sources" such as a chiropractor. SSR 06-03p, 2006 WL 2329939, at *4-*6 (Aug. 6, 2006); *see* 20 C.F.R. § 404.1513(a). Nevertheless, the ALJ gave Dr. Ward "greater weight" to his July 15, 2013 letter stating that Plaintiff was able to return to work. (Tr. 29). The ALJ also stated his reason for considering Dr. Ward's opinion was because he had a year-long relationship with Plaintiff. *Id*. "Even as to recognized medical sources, '[t]he amount of weight to give such opinions is based in part on the examining and treatment relationship, length and frequency of the examinations, the extent of relevant evidence given to support the opinion, and consistency with the record as a whole.'" *Fitzwater v. Berryhill*, 2017 WL 4563899, at *5 (Oct. 13, 2017) (citing *Conlin ex rel. N.T.C.B. v. Colvin*, 2015 WL 3961167, at *8 (W.D.N.Y. June 29, 2015) (citation omitted)). Here, the ALJ made clear that much of the record evidence supported greater abilities than Plaintiff contends, namely, his reported activities of daily living and conservative treatment, discussed herein.

*Plaintiff's argument that ALJ failed to give "good reasons" for rejecting opinions of Drs. Capicotto and Williams*

Plaintiff argues that Drs. Capicotto and Williams are treating physicians whose opinions should have been assessed under the treating physician rule. (Dkt. 14 at 17-18). Plaintiff further argues that because neither treating physician was afforded controlling weight, the ALJ needed to give "good reasons" as to why he discounted their opinions. (Dkt. 14 at 23).

The opinion of a treating medical source is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record. *See Green–Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003); *see also Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir.1999); *see also* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). If an ALJ assigns less than controlling weight to a treating physician's opinion because it does not meet this standard, the ALJ must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). However, the ALJ need not expressly discuss each of these factors, so long as his "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (*citing Halloran*, 362 F.3d at 31–32).

As an initial matter, the Court notes that Dr. Williams is not a treating physician under the regulations; therefore, the ALJ is not bound to rigorously apply the factors under 20 C.F.R. § 404.1527(c).[1] The regulation states, in part, that:

> Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the

---

[1] These factors include: (1) examining relationship; (2) treatment relationship; (3) length of treatment and frequency of examination; (4) nature and extent of the treatment relationship; (5) consistency; (6) specialization; and (7) other factors.

> type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s).

20 C.F.R. § 404.1527(a)(2). Plaintiff saw Dr. Williams on August 14 and 28, 2012, and then did not follow up with appointments or continue taking the medication that was prescribed by Dr. Williams. (Tr. 28, 232-338, 366-69, 219). Conversely, Dr. Capicotto is a treating physician under the regulation. He saw Plaintiff multiple times over the course of Plaintiff's closed period of disability. (Tr. 142, 203-10, 215-19, 204-215, 220).

However, even if Dr. Williams is considered a treating physician, the ALJ still noted the reasons why he discounted Dr. Williams' opinion, namely, that Plaintiff only saw Dr. Williams on two occasions and that Dr. Williams' only opinion presented in the administrative record was that Plaintiff was disabled, an issue reserved for the Commissioner. (Tr. 186-190). The Court would also note that Dr. Williams' limited treatment notes contain obvious clerical and transcription errors, such as referring to Plaintiff as "she" and stating "[h]e states that this left shoulder as an attorney for the past 2 days and he believes he may have slept on his shoulder and it for you." (Tr. 190).

Drs. Capicotto and Williams' opinions are also wholly inconsistent with other substantial evidence in the record, that is, Plaintiff's activities of daily living and conservative treatment. Plaintiff reported that during his closed period of disability, he took care of his personal needs and cooked meals, shopped, completed household chores, and utilized public transportation. Plaintiff also reported reading, using a computer, and watching television for up to 12 hours per day. (Tr. 28). Plaintiff also did not follow up with his pain management physician, Dr. Williams, elected to not have corrective surgery, and discontinued taking medication on his own. The Court finds the ALJ's reasoning is clear as to why he discounted the opinions of these two doctors, and further finds that substantial evidence supports that determination.

## CONCLUSION

For the reasons discussed above, the Commissioner's motion for judgment on the pleadings (Dkt. 15) is granted and Plaintiff's motion (Dkt. 14) for judgment on the pleadings for Social Security benefits is denied. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

                                     *s/Richard J, Arcara*
                             **HONORABLE RICHARD J. ARCARA**
                               **UNITED STATES DISTRICT COURT**

**Dated:** May 24, 2019